UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

        Plaintiff,

                                      CASE NO. 2:12-CV-10101
v.                                       HONORABLE ARTHUR J. TARNOW

SPAIN, et al.,

        Defendants.
                                    /

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

**I. INTRODUCTION**

Michigan prisoner Kyle Brandon Richards ("Plaintiff"), currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a pro se civil rights complaint, as well as an application to proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff alleges that several foreign governments have failed to respond to his requests for refuge and asylum. He names Spain, Mexico, Yemen, and Iran as defendants and seeks injunctive relief. Having reviewed the matter, the Court denies the application to without prepayment of fees and costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

**II. DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions,

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g., Richards v. Fox 2 News, et al.*, No. 11-CV-15280 (E.D. Mich. Dec. 8, 2011); *Richards v. Smith, et al.*, No. 11-CV-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz, et al.,* No. 10-CV-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster, et al.*, No. 10-CV-10100 (E.D. Mich. July 8, 2010); *see also Richards v. United States, et al.,* No. 11-CV-15619 (E.D. Mich. (Jan. 12, 2012) (dismissed after present complaint was filed). Plaintiff has also been put on notice of his three-strike status. *See, e.g., Richards v. Snyder*, No. 11-CV-12525 (E.D. Mich. Aug. 2, 2011); *Richards v. United States*, No. 11-CV-13069 (E.D. Mich. July 20, 2011); *Richards Family Org. v. United States*, No. 11-CV-12784 (E.D. Mich. July 7, 2011); *Richards v. United States*, No. 11-12522 (E.D. Mich. June 20, 2011).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must

allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id*. The circumstance giving rise to Plaintiff's complaint, *i.e.*, his request for refuge and asylum, does not indicate a threat of imminent danger of serious physical injury – and the complaint contains no such facts. Plaintiff has failed to establish that he falls within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

### III. CONCLUSION

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed more than three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that any appeal from this order would be frivolous and cannot be taken in

good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                ARTHUR J. TARNOW
                                                UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2012

---

### CERTIFICATE OF SERVICE

      I hereby certify on January 19, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 19, 2012: **Kyle Richards.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                District Judge Arthur J. Tarnow
                                                (313) 234-5182